SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOUGLAS M HERSHEY<br>PO BOX 478<br>KENNEBUNK, ME 04043<br>207-233-2320<br><br>PLAINTIFF<br>vs.<br><br>AMERICAN EXPRESS COMPANY<br>(AMEX)<br>20022 NORTH 31st STREET<br>PHOENIX, AZ 85027<br><br>DEFENDANT | CIVIL ACTION<br>Docket No. 2:13-cv-140-JAW |

## COMPLAINT

1. NOW COMES the Plaintiff, Douglas M Hershey (hereinafter "Plaintiff"), by Pro Se appearance, and complains against American Express Company (AMEX) (hereafter referred to as "Defendant") for violations of the following statutes: Fair Credit Reporting Act, 15 U.S.C § 1681b and the Maine Fair Credit Reporting Act, 10 M.R.S.A. § 1313-A.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C § 1681p, 28 U.S.C. § 1331, and 28 U.S.C. 1367.

3. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PRELIMINARY STATEMENT

4. Plaintiff is an individual residing at 46 Titcomb Lane, Arundel, county of Cumberland, and State of Maine.

1

5. Defendant AMEX is an Arizona corporation with principal offices 20022 North 31th Street, Phoenix, AZ 85027, upon information and belief.

## FACTUAL ALLEGATIONS

6. Plaintiff obtained his consumer credit report from Experian and found entries and entities that he was unfamiliar with.

7. Plaintiff recognized that on **August 27, 2010, October 14, 2010,** and **November 23, 2010**, the Defendant obtained Plaintiff's consumer credit report from Experian without permissible purpose or authorization.

8. Discovery of violations brought herein occurred in January 2013 and are within the statute of limitations as defined by FCRA 15 U.S.C. § 1681p.

9. Plaintiff sent letter dated January 29, 2013 by certified mail #70090800000064905613 that was delivered to Defendant on February 4, 2013 requesting Defendant to confirm their reason for obtaining his consumer credit report on **August 27, 2010, October 14, 2010** and **November 23, 2010.**

10. On April 9, 2013 Defendant AMEX received a second certified letter (#70121010000015653589) explaining Plaintiff's intent to file suit and requesting response within 5 days by phone or email to amicably settle the matter at hand before filing suit.

11. At the filing of this complaint, there has been no response to either certified mailing from Defendant.

## **COUNT I: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT AMEX**

12. Plaintiff re-alleges and incorporates by reference paragraphs 5-11 of this Complaint.

13. Plaintiff is a consumer in the meaning of the FCRA, 15 U.S.C § 1681(a)(c).

14. Defendant is a person in the meaning of the FCRA 15 U.S.C § 1681(a)(b).

15. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C § 1681a(f).

16. Consumer credit report is a credit report within the meaning of 15 U.S.C § 1681a(d).

17. The FCRA 15 U.S.C § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

18. Such permissible purposes as defined by 15 U.S.C § 1681b are generally, if the consumer makes application for credit, for employment, for underwriting of insurance involving the consumer or is offered bona fide offer of credit as a result of the inquiry.

19. Plaintiff has never any business dealings with, applied for credit from, for employment from, applied for insurance from or received a bona fide offer of credit from the Defendant.

20. On **August 27, 2010**, **October 14, 2010** and **November 23, 2010**, Defendant obtained Plaintiff's Experian consumer credit report with no permissible purpose in violation of 15 U.S.C § 1681b.

21. At no time did the Plaintiff give his consent for Defendant to acquire his consumer credit report from any credit reporting agency.

22. The actions of Defendant obtaining Plaintiff's consumer credit report with without permissible purpose or Plaintiff's consent is a blatant and willful violation of 15 U.S.C § 1681b and an egregious violation of Plaintiff's right to privacy.

23. At no time, has AMEX given what justification they may have had for obtaining Plaintiff's credit report. The Defendant has a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

24. WHEREFORE, Plaintiff demands judgment against Defendant AMEX and is entitled to receive damages for actual or statutory damages of $1000 per violation, any attorney's fees and costs pursuant to 15 U.S.C § 1681n.

## COUNT II: VIOLATIONS OF THE MAINE FAIR CREDIT REPORTING ACT BY DEFENDANT AMEX

25. Plaintiff re-alleges and incorporates by reference paragraphs 5-11 of this Complaint.

26. Plaintiff is a "consumer" under 10 M.R.S.A. § 1312(2).

27. Defendant AMEX is a "person" under the Maine Fair Credit Reporting Act, under 10 M.R.S.A. § 1312(10).

28. Experian is a credit reporting agency within the meaning of 10 M.R.S.A. § 1312(4).

29. The MFCRA, 10 M.R.S.A. § 1313-A defines the permissible purposes for which

a person may obtain a consumer credit report.

30. Such permissible purposes as defined by 10 M.R.S.A. § 1313-A are generally, if the consumer makes application for credit, for employment, for underwriting of insurance involving the consumer, is offered bona fide offer of credit as a result of the inquiry.

31. Plaintiff has never any business dealings with or applied for credit, for employment from, applied for insurance from or received a bona fide offer of credit from the Defendant.

32. On **August 27, 2010, October 14, 2010** and **November 23, 2010**, Defendant obtained Plaintiff's Experian consumer credit report with no permissible purpose in violation of 10 M.R.S.A. § 1313-A.

33. At no time did the Plaintiff give his consent for Defendant to acquire his consumer credit report from any credit reporting agency.

34. The actions of Defendant obtaining Plaintiff's consumer credit report with without permissible purpose or Plaintiff's consent is a blatant and willful violation of 10 M.R.S.A. § 1313-A and an egregious violation of Plaintiff's right to privacy.

35. At no time, has AMEX given what justification they may have had for obtaining Plaintiff's credit report. The Defendant has a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

36. The Defendant is liable to Plaintiff for the actual damages Plaintiff suffered, plus a

5

sum of three times the actual damages, plus any attorney's fees and the costs of this action, together for AMEX willful and knowing failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1322.

37. In the alternative, Defendant is liable to Plaintiff for the actual damages Plaintiff suffered, plus such additional damages as the Court may allow of not less than one hundred dollars ($100) for each violation, plus and attorney's fees and the costs of this action, for AMEX's negligent failure to comply with the Maine Fair Credit Reporting Act, pursuant to 10 M.R.S.A. § 1323.

38. WHEREFORE, Plaintiff demands judgment against Defendant AMEX and requests damages of $500 per violation, any attorney's fees and costs, pursuant to 10 M.R.S.A. § 1322 & 1323.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 16th day of April, 2013.

_____

Douglas M Hershey

PO Box 478,

Kennebunk, ME 04043

(207)-233-2320